UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RANDY J. BECK, )<br>  )<br>       Plaintiff, )<br>  vs. ) <br> )<br>SHERIFF JOHN MARVEL, )<br>BOOKING JAILER - NIGHT SHIFT, )<br> )<br>       Defendants. ) | No. 2:10-cv-060-WTL-TAB |

## Entry Concerning Selected Matters

The plaintiff's motion for leave to proceed *in forma pauperis* is **granted**. In addition, and for the reasons explained in this Entry, legally insufficient claims asserted in the complaint are **dismissed**, and other proceedings must be undertaken, all consistent with the following:

1. Because the plaintiff's request to proceed *in forma pauperis* has been granted, his complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2)(B). This statute directs a court to dismiss a case at any time if it determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2. The plaintiff's claims are asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978).

3. The plaintiff alleges that he was mistreated while at the Vigo County Jail ("Jail"). He has designated Vigo County Sheriff John Marvel and the "night shift booking jailer" as defendants.

    a. Claims against Sheriff Marvel in his individual capacity are **dismissed** because this defendant is not alleged to have personally caused the deprivations which the plaintiff identifies in his complaint. "Because vicarious liability is

inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see also Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .").

  b. Any claim against Sheriff Marvel in his official capacity is **dismissed** because, although such a claim is in all respect against the Vigo County Sheriff's Department, which is a "person" subject to suit under § 1983 if it has adopted a "policy or custom" that resulted in the deprivation of the plaintiff's constitutional rights, *see Bennett v. Roberts,* 295 F.3d 687, 699 (7th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)), there is no allegation in the complaint that an official policy or custom not only caused the alleged constitutional violation, but was "the moving force" behind it. *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 514 (7th Cir. 2007).

  4. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

  5. The "night shift booking jailer" is a "person" subject to suit under § 1983, but is not identified by name. The plaintiff will be permitted a period of time in which to conduct discovery to learn the identity of the person described thus far as the "night shift booking jailer" and of any other Jail personnel who could be properly named as defendants in this action. This shall proceed as follows:

  a. Process will issue to Sheriff Marvel, in his official capacity only, for the purpose of permitting him to appear in the action and respond to discovery regarding the identity of Jail personnel who could be properly named as defendants in this action. The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on Sheriff Marvel in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process in this case shall consist of the complaint, applicable forms and this Entry.

  b. Sheriff Marvel need not answer the allegations of the complaint, but simply needs to appear in the action.

  c. Once Sheriff Marvel appears in the action, the plaintiff shall have **45 calendar days** in which to serve discovery on Sheriff Marvel. Any such discovery shall be limited in scope to ascertaining the identity of any person who could actually be liable to the plaintiff for the violation of his federally secured rights he alleges.

  d. The plaintiff shall have **60 calendar days** after Sheriff Marvel appears in the action in which to **file an amended complaint,** which will completely replace the original complaint. The amended complaint, if filed, must conform to the following guidelines:

- ! The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

- ! The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- ! The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

6. If an amended complaint is filed as directed above, it too shall be subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), while if an amended complaint is not filed the action will be dismissed.

**IT IS SO ORDERED.**

Date: 03/25/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Sheriff John Marvel
Security Anex Building
201 Cherry St.
Terre Haute, IN 47807

Randy J. Beck
101 E. Johnson Apt.#B
West Terre Haute, IN 47885